UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 13-40050-02-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION FOR A |
| PATRICIO RODRIGUEZ PENA, | ) | BILL OF PARTICULARS |
| a/k/a Pat, a/k/a "Partner," a/k/a | ) | |
| "The Mexican," | ) | |
| | ) | |
| Defendant. | ) | |

The superseding indictment charges defendant, Patricio Rodriguez Pena, with two counts of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 846. Pena moves to dismiss the superseding indictment or for a bill of particulars. The government resists the motion. The court referred the motion to Magistrate Judge John Simko pursuant to 28 U.S.C. § 636(b)(1). On November 6, 2013, Magistrate Judge Simko recommended denial of Pena's motion, and Pena now objects to Magistrate Judge Simko's recommendation. For the following reasons, the report and recommendation of the magistrate judge is rejected in part and defendant's motion for a bill of particulars is granted.

## BACKGROUND

Pena is charged with two counts of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a) and 846.

Count 1 of the superseding indictment alleges, "Beginning at an unknown date and continuing through the date of this Indictment, in the District of the South Dakota and elsewhere, [Pena and others] did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute 50 grams or more of methamphetamine[.]" Docket 74.

Count 2 of the superseding indictment alleges, "Beginning at an unknown date and continuing through approximately May 2013, in the District of the South Dakota and elsewhere, [Pena and others] did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute 100 kilograms or more of marijuana[.]" Docket 74.

## DISCUSSION

The court reviews the magistrate judge's findings under a de novo standard of review. 28 U.S.C. § 636(b)(1).

Pena argues that the superseding indictment fails to provide him with sufficient notice of that which he is accused, which is a requirement under the Fifth Amendment. Pena specifically takes issue with the lack of a specific time frame coupled with no alleged overt acts. By not providing additional information, Pena claims he is unable to present a defense or raise a defense of double jeopardy in a subsequent prosecution.

In general, an indictment must consist of "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). "An indictment must fairly inform the accused of the offenses charged and the elements of those offenses." *United States v. Valiant*, 873 F.2d 205, 207 (8th Cir. 1989). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993).

The government combines two established legal principles to support the superseding indictment as written. First, an indictment charging conspiracy to distribute a controlled substance under 21 U.S.C. § 846 does not require a description of overt acts. *United States v. Shabani*, 513 U.S. 10, 15 (1994). Second, time is not a material element of a conspiracy charge, and the government is not required to prove the dates of the conspiracy at trial. *United States v. Moore*, 639 F.3d 443, 447 (8th Cir. 2011). Combining these principles, the government claims that the superseding indictment does not need to provide Pena with a specific time frame or any overt acts.

"Typically an indictment is not sufficient only if an essential element of the offense is omitted from it." *United States v. Cuervo*, 354 F.3d 969, 985 (8th

Cir. 2004). The essential elements of conspiracy under 21 U.S.C. § 846 are the existence of an agreement between two or more individuals to distribute drugs, that the defendant knew of the agreement, and that he intentionally joined the agreement. *Moore,* 639 F.3d at 447. The superseding indictment in this case lists the essential elements of the crime, making it facially sufficient. Because the superseding indictment is facially sufficient, Pena's motion to dismiss the indictment is denied.

The court now turns to Pena's request for a bill of particulars. "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague or indefinite." *United States v. Hernandez,* 299 F.3d 984, 989-90 (8th Cir. 2002). Pena requests he be provided with either a specific time frame or overt acts so that he can prepare defenses for trial, avoid surprise at trial, and be able to plead double jeopardy in a subsequent prosecution. The government responds by noting that it has provided over 1,000 pages of discovery along with several digital recordings and that this discovery allows Pena to prepare for trial. In the event a bill of particulars is required, the government recommends providing Pena with a particular time frame.

Due to the nature of the charges against Pena, the court finds that a bill of particulars is necessary here. Pena is being charged with two counts of conspiracy to distribute controlled substances. Count 1 alleges distribution of methamphetamine, and Count 2 alleges distribution of marijuana. He is being charged alongside seven codefendants. The nature of a conspiracy allows actions of others to be imputed onto Pena. By not including a time frame in the indictment, Pena is therefore required to account for all of his actions as well as the actions of the seven codefendants for, essentially, the entire time Pena has been alive.[1] This asks too much and does not allow Pena to adequately prepare for trial.

The nature of this case calls for a bill of particulars. The vagueness of the superseding indictment does not allow Pena to be to informed of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid surprise at trial, and to plead double jeopardy in a subsequent prosecution. Providing a particular time frame will provide Pena with the information necessary to adequately prepare for trial. Accordingly, it is

ORDERED that the report and recommendation of the magistrate judge (Docket 131) is rejected in part and defendant's motion for a bill of particulars (Docket 100) is granted.

---

[1] Nor can Pena assert a statute of limitations defense.

IT IS FURTHER ORDERED that the government will provide defendant a particular time frame the defendant should consider at issue regarding the superseding indictment.

Dated January 13, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE